COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
 IN THE MATTER OF C.J.P., A JUVENILE.
  
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00183-CV
  
 Appeal from the
  
 65th
 Judicial District Court 
  
 of El
 Paso County, Texas 
  
 (TC# 1000222) 
  
 
 


 

                                                    MEMORANDUM
OPINION








            On February
10, 2011, Appellant, a juvenile, entered a written stipulation wherein he
admitted all of the allegations of delinquent conduct set forth in Count I (engaging
in graffiti causing a loss less than $20,000) and Count II (theft over $50 but
less than $500) of the State’s third-amended petition.  Tex.
Fam. Code Ann. § 51.03(a)(1) (West 2008). 
The juvenile court conducted a disposition hearing on March 3,
2011.  The juvenile court thereafter
entered an order of adjudication and placed Appellant on supervised juvenile
probation until Appellant’s 18th birthday. 
Appellant appeals from the juvenile court’s denial of Appellant’s motion
for new trial.  We affirm.




 

Appellant’s court-appointed counsel has filed a brief in which she has
concluded that the appeal is wholly frivolous and without merit.  The brief meets the requirements of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied,
388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by advancing contentions
which counsel says might arguably support the appeal. See High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex.Crim.App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); see also In re D.A.S., 973 S.W.2d 296, 298 (Tex. 1998)(Texas Supreme Court
held that the Anders procedure
applies to juvenile appeals and noted that, although juvenile-delinquency
proceedings are classified as civil, their nature is quasi-criminal).  A copy of counsel’s brief has been delivered
to Appellant, and Appellant has been advised of his right to examine the
appellate record and file a pro se brief. 
No pro se brief has been filed.

The record reflects that Appellant executed in writing a waiver and
consent in open court with the consent of Appellant’s attorney in accordance
with Tex. Fam. Code Ann.  § 51.09, and Appellant made a judicial confession
admitting his guilt.








We have carefully reviewed the record and counsel’s brief and agree that
the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that might
arguably support the appeal.  A
discussion of the contentions advanced in counsel’s brief would add nothing to
the jurisprudence of the state.




 

The judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

February 8, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.